J.A19032/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| J. L. B., | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| G. G., | : | |
| | : | |
| Appellant | : | No. 1908 WDA 2013 |

Appeal from the Order November 6, 2013
In the Court of Common Pleas of Washington County
Domestic Relations No(s).: 132 DR 2013

BEFORE: BENDER, P.J.E., OLSON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED JANUARY 13, 2015**

Appellant, G. G. ("Father"), appeals from the order[1] entered in the Washington County Court of Common Pleas determining the amount of child support he is to pay Appellee, J. L. B. ("Mother") for the support of the parties' one child ("Child").[2]  Father contends the court erred in ordering him to pay 10.75% of his net quarterly bonuses to child support.  We reverse and remand.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Father purports to appeal from the orders entered on October 15, 2013 and November 6, 2013.  However, the court's November 6th order granted reconsideration and the appeal lies properly from that order.  We have amended the caption accordingly.

[2] We redacted the parties' names and amended the caption to protect the child's identity.

On February 19, 2013, Mother filed a complaint for support of Child. A hearing was held on June 20, 2013. On July 4, 2013, the hearing officer recommended that Father pay $3,304.83 per month in support, allocated as $3,104.83 for current support and $200 for arrears. Findings of Hearing Officer, 7/4/13, at 3. Father filed exceptions. The trial court granted Father's exceptions and found that "[e]ffective February 19, 2013, [Father] shall pay $2,447 per month in child support. Effective August 9, 2013, [Father] shall pay $2,463 per month in child support." Order, 10/15/13, at 1. The court also found that Father "shall pay 13% of his quarterly bonuses to [Mother] for . . . child support after a 30.22% tax rate is applied to the gross amount." *Id.* The court "explain[ed] that Father grosses $25,200 per month in w-2 wages (this was his w-2 wage in 2012 as well.)" *Id.*

Father filed a petition for reconsideration. On November 6, 2013, the court granted reconsideration and entered an order which provided, *inter alia*, as follows:

> [A]fter reconsidering the October 15, 2013 [order] at [Father's] request, it is hereby ORDERED, ADJUDGED and DECREED that 10.75% of [Father's] quarterly bonuses, after a 30.22% tax rate is applied to the gross amount, shall be paid to [M]other for the support of [Child]. Further, this bonus is to be paid . . . directly between the parties since the amount cannot be readily calculated. . . .
>
> By way of further explanation, this [c]ourt modified the percentage to 10.75% because this is the average of the 13% and the 8.5% pursuant to Pa.R.C.P. 1910.16-3.1. At the presentation of the motion for reconsideration, both parties brought it to the [c]ourt's attention that the parties' combined net monthly incomes exceeded the $30,000 net

per month threshold after [F]ather received his third quarter bonus.  That being said, it would be unfair to [F]ather to pay a percentage exceeding 8.5% at that juncture.  In fact, it would be punitive.  But, until that threshold is met, the [c]ourt finds it reasonable for [F]ather to pay the 13% as noted in its order dated October 15, 2013.  Approximately 1/2 of [F]ather's bonus is received after the threshold is achieved.  Accordingly, averaging 13% and 8.5% seems to be most reasonable.

*　　*　　*

Regarding whether to apply the bonus percentage to the basic guideline amount of $1845 or to $2447 (which includes contributions toward childcare and medical insurance), it is appropriate to use $2447.  Childcare and medical insurance are monthly recurring expenses for [Child], just as those that are contemplated by the basic child support guideline amount.

Order, 11/6/13, at 1, 2.

This timely appeal followed.[3]  Father was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Father raises the following issue for our review: "Whether the trial court erred in setting child support for one child at 10.75% of his net quarterly bonus."  Father's Brief at 5.  Father contends

the percentage of child support should have been based on the basic child support obligation rather than the support

---

[3] Father filed his notice of appeal on December 6, 2013.  "Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit."  Pa.R.A.P. 1701(b)(3).  Therefore, the instant appeal is timely.  **See id.**

> obligation taking into account additional fixed expenses. This would be in the range of 8.5% to 10%. Father respectfully avers that these two percentages should be averaged and the percentage should be 9.25% [of his bonuses] rather than the 10.75% ordered by the court.

*Id.* at 14.

As a prefatory matter, we consider whether this issue is waived. The only reference to legal authority in Father's four page argument section is a single citation, devoid of explanation, to Rule 1910.16-4. *Id.* at 12. The "failure to develop an argument with citation to, and analysis of, relevant authority waives that issue on review." *Harris v. Toys "R" Us-Penn, Inc.*, 880 A.2d 1270, 1279 (Pa. Super. 2005). However, "[i]n Pennsylvania, child support awards are made in domestic relations matters in accordance with specific statutory guidelines . . . . The **guidelines provide extremely detailed instructions** for calculating spousal and child support awards **based on the obligor's net income from all sources** . . . ." *Commonwealth v. Hall*, 80 A.3d 1204, 1216-17 (Pa. 2013) (emphases added). Thus, in the instant case, we decline to find the issue waived.

> Our scope of review when considering an appeal from a child support order is as follows:
>
> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment

exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

***Morgan v. Morgan***, 99 A.3d 554, 556-57 (Pa. Super. 2014) (citation omitted).

Child support is governed by statute. Section 4322 of the Domestic Relations Code provides:

**(a) Statewide guideline.—Child and spousal support shall be awarded pursuant to a Statewide guideline** as established by general rule by the Supreme Court, so that persons similarly situated shall be treated similarly. The guideline shall be based upon the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support. In determining the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support, the guideline shall place primary emphasis on the **net incomes** . . . of the parties . . . .

23 Pa.C.S. § 4322(a) (emphases added).

Pennsylvania Rule of Civil Procedure 1910.16-1 provides: "[T]he support guidelines set forth the amount of support which a spouse or parent should pay on the basis of both **parties' net monthly incomes as defined in Rule 1910.16-2** and the number of persons being supported." Pa.R.C.P. 1910.16-1(a) (emphasis added). The rule further provides:

**(b) Amount of Support.** The amount of support (child support, spousal support or alimony pendente lite) to be awarded pursuant to the procedures under Rules 1910.11 and 1910.12 **shall be determined in accordance with the support guidelines which consist of the**

> **guidelines expressed as the child support schedule set forth in Rule 1910.16-3, the formula set forth in Rule 1910.16-4 and the operation of the guidelines as set forth in these rules**.

Pa.R.C.P. 1910.16-1(b) (emphasis added).

Rule 1910.16–2(a)(2) provides:

> Generally, **the amount of support to be awarded is based upon the parties' monthly net income**.
>
> (a) Monthly Gross Income. Monthly gross income is ordinarily based upon at least a six-month average of **all of a party's income**. The term **"income" is defined by the support law, 23 Pa.C.S.A. § 4302**, and includes income from any source. The statute lists many types of income including, but not limited to:
>
> (1) wages, salaries, **bonuses**, fees and commissions[.]

Pa.R.C.P. 1910.16-2(a)(2) (emphases added). The Domestic Relations Code's definition of "income" includes bonuses. 23 Pa.C.S. § 4302.

Rule 1910.16-2(c) provides:

> (1) Unless otherwise provided in these rules, **the court shall deduct only the following items from monthly gross income to arrive at net income**:
>
> (A) federal, state, and local income taxes;
>
> (B) unemployment compensation taxes and Local Services Taxes (LST);
>
> (C) F.I.C.A. payments (Social Security, Medicare and Self-Employment taxes) and non-voluntary retirement payments;
>
> (D) mandatory union dues; and
>
> (E) alimony paid to the other party.

Pa.R.C.P. 1910.16-2(c)(1)(A)-(E).

Rule 1910.16-3 provides the basic child support schedule where the parties' combined net monthly income is $30,000 or below. Pa.R.C.P. 1910.16-3. Where the parties' combined monthly net income is above $30,000, Rule 1910.16-3.1, governing "high income cases," applies:

> **(a) Child Support Formula. When the parties' combined monthly net income is above $30,000**, the following three-step process shall be applied to calculate the parties' respective child support obligations. The amount of support calculated pursuant to this three-step process shall in no event be less than the amount of support that would have been awarded if the parties' combined net monthly income were $30,000. That amount shall be a presumptive minimum.
>
> (1) First, the following formula shall be applied as a preliminary analysis in calculating the amount of basic child support to be apportioned between the parties according to their respective incomes:
>
> One child:
>
> $2,801 +8.5% of combined net income above $30,000 per month.
>
> \* \* \*
>
> (2) And second, the trier of fact shall apply Part II and Part III of the formula at Rule 1910.16-4(a), making any applicable adjustments for substantial or shared custody pursuant to Rule 1910.16-4(c) and allocations of additional expenses pursuant to Rule 1910.16-6;
>
> (3) Then, third, the trier of fact shall consider the factors in Rule 1910.16-5 in making a final child support award and shall make findings of fact on the record or in writing. After considering all of the factors in Rule 1910.16-5, the trier of fact may adjust the amount

calculated pursuant to subdivisions (1) and (2) above upward or downward, subject to the presumptive minimum.

Pa.R.C.P. 1910.16-3(a)(1)-(3) (emphasis added).

". . . Rule 1910.16-3.1 is intended to bring **all child support cases under the guidelines** and treat similarly situated parties similarly. Thus, high income child support cases no longer will be decided pursuant to **Melzer v. Wisberger**, [ ] 480 A.2d 991 ([Pa.] 1984)." Pa.R.C.P. 1910.16-3.1, *cmt*. (emphasis added).

"Pursuant to Pa.R.C.P. 1910.16–4(a), the trial court [is] **required to combine Husband's and Wife's total monthly income** as a preliminary step to establish the basic child support obligation." **Love v. Love**, 33 A.3d 1268, 1279 (Pa. Super. 2011).

"If it has been determined that there is an obligation to pay support, there shall be a rebuttable presumption that the amount of the award determined from the guidelines is the correct amount of support to be awarded." Pa.R.C.P. 1910.16-1(d). The calculation of net monthly income pursuant to the support guidelines is required even where the court deviates from that amount. Pa.R.C.P. 1910.16-5(a). "The deviation applies to the amount of the support obligation and **not to the amount of income**." Pa.R.C.P. 1910.16-5(a), *Note* (emphasis added).

In the case *sub judice*, we find the court erred in excluding Father's bonuses from his gross income, in contravention of Pa.R.C.P. 1910.16-2(a).

The court was required to follow the support guidelines. *See* 23 Pa.C.S. § 4322(a). "Income" is statutorily defined as including bonuses. 23 Pa.C.S. § 4302. Based upon the gross income, the trial court was required to calculate the parties' net income available for support. *See* Pa.R.C.P. 1910.16-2(c)(1)(A)-(E).

Accordingly, we find the court abused its discretion. ***See Morgan***, 99 A.3d at 556-57. We reverse and remand for the trial court to determine Father's child support obligation consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/13/2015</u>